IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MANHATTANLIFE INSURANCE AND ANNUITY COMPANY, PASCHALL AND ASSOCIATES, INC., and WILLIAM C. PASCHALL,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF THE TREASURY, DEPARTMENT OF LABOR, XAVIER BECERRA *in his official capacity as Secretary of Health and Human Services*, JANET YELLEN *in her official capacity as Secretary of the Treasury*, and JULIE A. SU *in her official capacity as Acting Secretary of Labor*,<br><br>*Defendants.* | Civil Action No. 6:24-cv-00178-JCB |

**STATEMENT REGARDING POSSIBLE RECUSAL**

After disclosing its ownership of stock in nonparty financial services company OneMain Holdings, Inc., the Court invited the parties to address whether that interest requires recusal in this case under 28 U.S.C. § 455 or the Code of Conduct for United States Judges. Doc. 10. It does not.

The Code of Conduct "imposes a duty for the judge to sit and decide the case" "unless disqualified." Order at 2, Doc. 32, *Chamber of Com. v. FTC*, No. 6:24-cv-148 (E.D. Tex. May 30, 2024). Section 455(b)(4) and Canon 3(c) of the Code of Conduct provide that a judge is disqualified when he or his close family member "[1] has a financial interest in the subject matter in controversy or [2] in a party to the proceeding, or [3] any other interest that could be affected substantially by the outcome of the proceeding." The first two grounds for recusal plainly do not apply here: Judge Barker's disclosed interest is in a nonparty, and holding stock is not equivalent to an

1

interest in "the subject matter in controversy," as might be the case if, say, Judge Barker's family member were a fixed indemnity insurance broker. *Cf. Chamber of Com.*, *supra*, at 2.

The third ground does not require recusal either. "A remote, contingent, and speculative interest is not a financial interest within the meaning of the recusal statute … ." *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986). That's why in *Placid Oil* the Fifth Circuit rejected the argument that recusal was warranted because a judge owned stock "in a Texas bank that may be affected" by rulings in the case. *Id.* at 786–87. And it's why this Court has properly declined to recuse based on owning stock in nonparties that would arguably be affected by vacatur of an agency rule governing noncompete agreements. *Chamber of Com.*, *supra*, at 2–3.

The case for recusal here is even weaker than the ones that fell far short in *Placid Oil* and *Chamber of Commerce*. Based on review of public information, plaintiffs have no reason to believe OneMain sells fixed indemnity insurance, which is the only market even arguably affected by this case. And even if OneMain *did* sell fixed indemnity insurance, that alone would not trigger disqualification. *See Placid Oil*, 802 F.2d at 786–87. Accordingly, Judge Barker's ownership of OneMain stock does not require recusal. *See id.* at 787 ("remote, contingent, and speculative interest" does not create "situation in which a judge's impartiality might reasonably be questioned").

July 9, 2024                                          Respectfully submitted,

                                                       */s/ Eric D. McArthur*
                                                       ERIC D. MCARTHUR
                                                         *Lead Counsel*
                                                       Virginia Bar No. 74142
                                                       emcarthur@sidley.com
                                                       BRENNA E. JENNY
                                                       D.C. Bar No. 1034285
                                                       bjenny@sidley.com
                                                       CODY M. AKINS
                                                       Texas Bar No. 24121494
                                                       cakins@sidley.com

SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8018

MARGARET HOPE ALLEN
Texas Bar No. 24045397
margaret.allen@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave., Suite 2000
Dallas, Texas 75201
(214) 969-3506

*Counsel for Plaintiffs*

3

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). This document was also served on all counsel via email service, on July 9, 2024.

                                        */s/ Eric D. McArthur*
                                        Eric D. McArthur