# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MANHATTANLIFE INSURANCE AND ANNUITY COMPANY, PASCHALL AND ASSOCIATES, INC., and WILLIAM C. PASCHALL, <br><br> *Plaintiffs,* <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF THE TREASURY, DEPARTMENT OF LABOR, XAVIER BECERRA *in his official capacity as Secretary of Health and Human Services*, JANET YELLEN *in her official capacity as Secretary of the Treasury*, and JULIE A. SU *in her official capacity as Acting Secretary of Labor*, <br><br> *Defendants.* | Civil Action No. 6:24-cv-00178-JCB |

**DEFENDANTS' RESPONSE TO ORDER REGARDING POTENTIAL RECUSAL**

The Court has invited the parties "to file briefing addressing whether the undersigned has a duty to recuse in this case under 28 U.S.C. § 455 or the Code of Conduct for United States Judges," in light of his "ownership of stock in a nonparty financial-services company, OneMain Holdings Inc." ECF No. 10. Although recusal is mandatory when the presiding judge "has a financial interest in the subject matter in controversy . . . or any other interest that could be substantially affected by the outcome of the proceeding," 28 U.S.C. § 455(b)(4), that standard does not "requir[e] recusal in every case in which a judge owns stock of a company in the same industry as one of the parties to the case." *In re Placid Oil Co.*, 802 F.2d 783, 786 (5th Cir. 1986); *accord In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1362 (8th Cir. 1996) ("[W]e are reluctant to fashion a rule requiring judges to recuse themselves from all cases that might remotely affect

nonparty companies in which they own stock. We believe such a rule would paint with too broad a stroke."); *Gas Util. Co. of Alabama, Inc. v. S. Natural Gas Co.*, 996 F.2d 282, 283 (11th Cir. 1993) ("We agree with the reasoning of [*Placid Oil*].").

Mere ownership of stock in a nonparty financial services company therefore does not require recusal in this matter. Ownership of stock in a company that sold fixed indemnity insurance policies subject to the regulation challenged here might amount to more than "[a] remote, contingent, and speculative interest" in the subject matter of this case. *Placid Oil Co.*, 802 F.2d at 787. But internet searches conducted by government counsel did not return information that OneMain Holdings Inc. sells such policies.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        MICHELLE BENNETT
        Assistant Director, Federal Programs Branch

        */s/ James Bickford*
        JAMES BICKFORD
        Trial Attorney (N.Y. Bar No. 5163498)
        United States Department of Justice
        Civil Division, Federal Programs Branch
        1100 L Street, NW
        Washington, DC 20530
        James.Bickford@usdoj.gov
        Telephone: (202) 305-7632
        Facsimile: (202) 616-8470

        *Counsel for Defendants*

Date: July 9, 2024