UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00178

**ManhattanLife Insurance and Annuity Co. et al.,**
*Plaintiffs,*

v.

**U.S. Department of Health and Human Services et al.,**
*Defendants.*

# ORDER

The court previously disclosed the undersigned's ownership of stock in a nonparty financial-services company and invited the parties to file briefing addressing whether that interest requires recusal under 28 U.S.C. § 455 or the Code of Conduct for United States Judges. Doc. 10.

In response to that invitation, no party has requested recusal. Docs. 21, 22. But because recusal standards apply to any judicial action, the court briefly explains its analysis on the recusal issue. The relevant standards from the Code of Conduct for United States Judges are as follows:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which: . . .
>
> (c) the judge knows that the judge [or a qualifying family member] . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding[.]

Code of Conduct for United States Judges, Canon 3(C); *accord* 28 U.S.C. § 455(a), (b)(4) (same recusal standards). If the assigned judge is not disqualified, the Code imposes a duty for the judge to

sit and decide the case. Canon 3(A)(2) ("A judge should hear and decide matters assigned, unless disqualified . . . .").

The parties here are not companies in which the undersigned or a qualifying family member owns a financial interest. Second, there is no disqualifying financial interest in the subject matter in controversy, as if the undersigned or a qualifying family member were brokers of fixed-indemnity insurance. Therefore, recusal is required only if the undersigned knows that his financial interest in stock in a nonparty, financial-services company could be affected substantially by the outcome of the proceeding or creates a situation in which a judge's impartiality might reasonably be questioned.

Plaintiffs and defendants both question whether the nonparty financial-services company even sells fixed indemnity insurance, and the undersigned has no independent knowledge of that matter. *See* Doc. 22 ("[I]nternet searches conducted by government counsel did not return information that OneMain Holdings Inc. sells such policies."). Even assuming that the company in question does sell fixed-indemnity insurance, the court finds that it would be too "remote, contingent, and speculative" to say that one "knows" that the effect on the stock price of OneMain Holdings, Inc. of a ruling in this case, depending on the outcome, could be "substantial." *In re Placid Oil Co.*, 802 F.2d 783, 787 (5th Cir. 1986) (applying § 455(b)(4)); *accord* Ltr. of Comm. on Codes of Conduct of the Jud. Conf. of the U.S. at 3, Docket No. 2773 (Apr. 16, 2024), *published at* Doc. 59-2, *In re Chamber of Commerce*, No. 24-10266 (5th Cir. Apr. 17, 2024) ("[M]ore than mere speculation about the potential effect of litigation on a judge's ownership interest in a non-party would normally be necessary to support a conclusion requiring recusal."). And binding precedent holds that a speculative financial effect—one that does not rise to the level of a known or readily ascertainable, substantial effect—does not meet the independent disqualification standard of creating "a situation in which a judge's impartiality might reasonably be questioned." *Placid Oil*, 802 F.2d at 787. For these reasons, no basis for

disqualification appears here. So the undersigned has a duty under Canon 3(A)(2) to preside over this matter.

Given that "[t]he parties agree that this case can be resolved through motions for summary judgment," the next step in this litigation is to establish a briefing schedule. Doc. 20. Accordingly, the parties' joint motion to enter their agreed-upon schedule for summary-judgment briefing is granted and the following schedule governs the disposition of this case:

- July 26, 2024—Plaintiffs' deadline to file motion for summary judgment.

- July 26, 2024—Plaintiffs' deadline for initial compliance with Local Rule CV-42(a) ("Whenever a civil matter commenced in or removed to the court involves subject matter that either comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal, then pending before this or another court or administrative agency, or previously dismissed or decided by this court, counsel for the filing party shall identify the collateral proceedings or re-filed case(s) on the civil cover sheet filed in this court. The duty to notify the court and opposing counsel of any collateral proceeding continues throughout the pendency of the action."). This deadline does not lift the continuing nature of the Local Rule CV-42 obligation or the obligation under order JCB-CV-42 in this case. *See* Doc. 7.

- August 26, 2024—Defendants' deadline to file opposition/cross-motion for summary judgment and to file the administrative record.

- September 16, 2024—Plaintiffs' opposition/reply in support of summary judgment.

- October 7, 2024—Defendants' reply in support of summary judgment.

Plaintiffs' motion for summary judgment and defendants' opposition/cross-motion for summary judgment must each be filed

as single documents and must not exceed 30 pages. Any opposition and reply in support of summary judgment by plaintiffs, and any reply in support of summary judgment by defendants, must each be filed as single documents and must not exceed 15 pages.

If needed, the court will set a hearing on summary judgment on a date close to completion of that briefing. That should allow prompt resolution of the case with sufficient time, before the rule's January 1, 2025 effective date. Doc. 1 ¶ 47. This scheduling order is subject to modification on any party's motion for good cause.

*So ordered by the court on July 22, 2024.*

                        J. CAMPBELL BARKER
                        United States District Judge