UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00178

**ManhattanLife Insurance and Annuity Co. et al.**,
*Plaintiffs*,
v.
**U.S. Department of Health and Human Services et al.**,
*Defendants*.

# FINAL JUDGMENT

The court declares that plaintiffs have a right against enforcement of that aspect of the challenged rule that adds a compelled-notice condition limiting when fixed-indemnity insurance policies are excepted from the requirements for comprehensive health insurance because (1) that aspect of the rule exceeds statutory authority and (2) the compelled notice's language was not a logical outgrowth of the compelled notice identified in the notice of proposed rulemaking. *See* Short-Term, Limited-Duration Insurance and Independent, Noncoordinated Excepted Benefits Coverage, 89 Fed. Reg. 23,338 (Apr. 3, 2024).

Pursuant to 5 U.S.C. § 706(2), the court sets aside and vacates the provisions of the challenged rule that relate to a compelled-notice criterion for a fixed-indemnity insurance policy to qualify as an excepted benefit. Specifically, the following provisions are set aside and vacated:

- the provision adding 26 C.F.R. § 54.9831-1(c)(4)(ii)(D);
- the provision adding 29 C.F.R. § 2590.732(c)(4)(ii)(D);
- the provision adding 45 C.F.R. § 146.145(b)(4)(ii)(D); and
- the provision revising 45 C.F.R. § 148.220(b)(4)(iii).

*See* 89 Fed. Reg. at 23,412–20. Also set aside and vacated is the rule's language that would rescind the 2014 compelled-notice requirement in the individual market. *Id.* at 23,421 (amending 45 C.F.R. § 148.220(b)(4)(iii)(B)); *id.* at 23,391 ("invalidation shall

not affect . . . the application of the provision to other entities not similarly situated or to dissimilar conditions."). That rescission of the current compelled-notice language is not severable from the rule's creation of new compelled-notice language, so they must be set aside and vacated together. This judgment does not address plaintiffs' ability to challenge the current compelled-notice language, which has not been challenged in this lawsuit. This judgment also does not address whether defendants have statutory authority to, with adequate procedure, mandate the same compelled notice under statutory authority other than that invoked in the rule challenged here.

All relief not granted here is denied, including relief on plaintiffs' arbitrary-and-capricious claims. Attorneys' fees and costs may be sought after final judgment. *See* Fed. R. Civ. P. 54(d). The clerk of court is directed to enter this document on the docket as a final judgment. *See* Fed. R. Civ. P. 58.

*So ordered by the court on December 4, 2024.*

J. CAMPBELL BARKER
United States District Judge